UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMAS M. SEARS AND BRENDA L. STEALY SEARS,<br><br>Pro Se Plaintiffs,<br><br>vs.<br><br>COUNTY OF MONTEREY, a County formed within the State of California 1850, as a for profit corporation; et al.,<br><br>Defendants. | Case No:  C 11-01876 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER VENUE**<br><br>Dkt. 160, 164 |

The parties are presently before the Court on Plaintiff's Motion to Transfer Venue. Dkt. 160. Plaintiff Thomas Sears ("Sears") seeks to transfer the action to the San Jose Division of this Court, where the action was originally filed. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.      BACKGROUND**

Sears and his wife, Brenda L. Sealy-Sears, acting pro se, filed the instant action in the San Jose Division of this Court on April 19, 2011. Dkt. 1. Their claims arise from Sears' separation from his former employer, Defendants Housing Authority of the County of Monterey ("HACM") and/or the Monterey County Housing Authority Development

Corporation ("HDC"), in 2010. As Defendants, Plaintiffs named HACM, HDC, CSI HR Group, LLC ("CSI") and Starla Warren ("Warren") and twenty-one other entities and individuals.

Initially, the action was assigned to Magistrate Judge Harold Lloyd. Plaintiffs declined to proceed before a magistrate judge, and matter was reassigned to Judge Jeremy Fogel who at that time, sat in the San Jose Division. Dkt. 52. While the action was pending before Judge Fogel, various Defendants filed motions to dismiss. Dkt. 53, 56, 61, 64 and 91. After the motions were scheduled for hearing, Judge Fogel departed from this Court without issuing a ruling. The action was reassigned to this Court, Dkt. 142, and on February 3, 2012, the Court issued its Order granting the pending motions to dismiss with leave to amend as to certain claims, Dkt. 158.

On March 5, 2012, Plaintiff Sears only, now represented by counsel, filed a First Amended Complaint against HACM, HDC, CSI and Warren. Dkt. 159.[1] On the same date, Sears filed the instant motion to return the action to the San Jose Division of this Court, pursuant to Civil Local Rule 3-2(h) and 28 U.S.C. § 1441. Dkt. 160. Defendants oppose the motion on the ground that it will not be significantly more convenient for the parties and witnesses to litigate this action in San Jose as opposed to Oakland. Dkt. 174, 175. The motion has been fully briefed and is ripe for adjudication.[2]

---

[1] On May 11, 2012, Plaintiffs filed a Second Amended Complaint which, inter alia, eliminated CSI as a party-defendant. CSI's pending motion to dismiss the First Amended Complaint is therefore denied as moot. Dkt. 164.

[2] Defendants' respective oppositions are untimely. Sears filed his motion to transfer on March 5, 2012, meaning that any opposition to the motion was due within fourteen days, or March 19, 2012. Civ. L.R. 7-3(a). However, HCD and Warren did not file their opposition until April 5, 2012, Dkt. 174, and HACM waited until April 6, 2012 to file its response, Dkt. 175. Defendants assert that they were unaware of Plaintiff's motion until he served with a copy of the motion along with the First Amended Complaint in late March. However, under General Order No. 24, the electronic filing of a document serves as notice to other parties. As such, Defendants received proper notice of the motion when it was filed. Defendants' failure to timely oppose the motion provides an independent basis to grant Plaintiff's request for transfer.

## II. DISCUSSION

The assignment of civil actions commenced in this District is governed by Civil Local Rule 3-2, which provides in relevant part, as follows:

> (c) **Assignment to a Division**. Pursuant to the Court's Assignment Plan, except for Intellectual Property Actions, Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil Rights Actions, upon initial filing, <u>all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated</u>. Actions in the excepted categories shall be assigned on a district-wide basis.
>
> . . . .
>
> (e) **San Jose**. Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey <u>shall</u> be assigned to the San Jose Division.

Civ. L.R. 3-2(c), (e) (emphasis added). Where an action is venued in the wrong Division, the Court has the discretion to order an intradistrict transfer under Civil Local Rule 3-2(h):

> (h) **Transfer of Actions and Proceedings**. Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, <u>or</u> that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

Id. 3-2(h) (emphasis added). Likewise, under 28 U.S.C. § 1406, the Court, in cases where venue is lacking, may transfer the action "to any district or division in which it could have been brought…." Alternatively, even if venue is proper, the Court has the discretion to transfer the action "[f]or the convenience of parties and witnesses, in the interest of justice...." Id. § 1404(a).

The instant action is properly venued in the San Jose Division of this Court because all of the events that form the basis of this action took place in Salinas, which is located in Monterey County. Sears alleges that he was wrongfully terminated from his position as

- 3 -

Senior Construction Manager and Deputy Director of Development at HACM and/or HDC as a result of his alleged "whistleblower" activities. Second Am. Compl. ¶¶ 10-13. As such, this action is deemed to arise in Monterey County. Civ. L.R. 3-2(c). In addition, Civil Local Rule 3-2(c) clearly states all "civil actions which arise in ... Monterey [County] shall be assigned to the San Jose Division." Id. (emphasis added). Notably, Defendants do not dispute that all of the operative events giving rise to Sears' claims occurred in Monterey County, nor do they even address Civil Local Rule 3-2(c). Thus, under this Court's Assignment Plan, San Jose is the proper venue for this case.

Alternatively, the Court finds that transfer of the action to the San Jose Division is appropriate based on "[the] convenience of parties and witnesses and the interests of justice[.]" Civ. L.R. 3-2(c); 28 U.S.C. § 1404(a). As an initial matter, Defendants do not dispute that San Jose Division is Sears' choice of forum, which is entitled to deference. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Nor do they dispute that his claims are predicated upon events occurring entirely in Monterey County and that all of the parties and witnesses are located there. Second Am. Compl. ¶¶ 3-6. Rather, Defendants' principal response is that the distance between San Jose and Oakland is not particularly significant, and therefore, the increase in convenience is negligible. Perhaps so, but the fact remains that Plaintiff's choice of forum is entitled to deference, all of the parties and witnesses are located in Monterey County, and all of the conduct that forms the basis of the action occurred there.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Motion to Transfer Venue is GRANTED. The Clerk shall transfer the instant action to the San Jose Division of this Court, forthwith.

2.  CSI's Motion to Dismiss Plaintiff's First Amended Complaint is DENIED as moot.

3.  This Order terminates Docket Nos. 160 and 164.

IT IS SO ORDERED.

Dated: May 10, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge