UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS M. SEARS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COUNTY OF MONTEREY and HOUSING ) <br> AUTHORITY OF THE COUNTY OF ) <br> MONTEREY, as California Government Entity ) <br> Employers, MONTEREY COUNTY HOUSING ) <br> AUTHORITY DEVELOPMENT ) <br> CORPORATION, as a California Non-Profit ) <br> Entity Employer, CSI HR GROUP, LLC, as a ) <br> For Profit Entity, STARLA K. WARREN, as an ) <br> Individual and Employee or Agent of Entity ) <br> Defendants, and DOES 1-50, ) <br> ) <br> Defendants. ) | Case No.: 5:11-CV-01876-LHK <br><br> ORDER GRANTING MOTION TO DISMISS |

Before the Court is Defendants Monterey County Housing Authority Development Corporation ("HDC") and Starla K. Warren's (collectively "Defendants") Motion to Dismiss. ECF No. 190 ("Motion"). Defendant Housing Authority of the County of Monterey ("HACM") initially joined Defendants' Motion to Dismiss. *See* ECF No. 191. However, the parties stipulated to dismiss HACM from the case on December 5, 2012. *See* ECF No. 203. The Court previously determined that this matter was appropriate for resolution without a hearing pursuant to Civil Local Rule 7–1(b), and accordingly vacated the hearing on the parties' Motion set for January 24, 2013.

1

Case No.: 5: 11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

*See* ECF No. 205. Having considered the parties' submissions and the relevant case law, the Court GRANTS the Motion.

## I. FACTUAL BACKGROUND

The following facts are relevant for the purposes of resolving the instant Motion to Dismiss: Plaintiff was hired by HACM in October 2006 as a professional engineer in the position of Senior Construction Manager and Deputy Director of Development. *See* ECF No. 176 ("SAC") ¶ 10. Plaintiff alleges that HACM is a "[m]unicipal [c]orporation or governmental entity." *Id.* ¶ 4. Plaintiff also alleges that he was either "separate[ly] or joint[ly] employ[ed]" by HDC, "a California Non-Profit Entity." *Id.* ¶¶ 4-5.[1] Ms. Warren was Plaintiff's direct manager. *Id.* ¶ 10.

Plaintiff alleges that, beginning in June 2009, Plaintiff discovered various violations by HACM of United States Department of Housing and Urban Development ("HUD") "laws and regulations." SAC ¶ 13. These violations related to HACM's installation of solar panels in low-income housing and HACM's engaging in improper practices relating to the bid process for certain "HACM housing projects." *Id.* Plaintiff alleges that Plaintiff not only reported these violations to Ms. Warren but, in at least one instance, Plaintiff expressly refused to engage in conduct Plaintiff believed to be illegal. *Id.*; *see also id.* ¶ 13(C) (alleging that Plaintiff refused to sign documents that stated that [Plaintiff] was a certified solar expert or a professional engineer when [Plaintiff] was not.").

Plaintiff alleges that, on July 19, 2010, after Plaintiff reported the aforementioned legal violations, Plaintiff received a letter from Ms. Warren stating that Plaintiff would be terminated within five working days. *Id.* ¶ 14. On August 20, 2010, Plaintiff was notified by Alan Styles, Chair of the Board of Directors of HDC, that the proposed termination was rescinded. *Id.* ¶ 15. However, on Plaintiff's first day back at work, Plaintiff received a written reprimand from Ms. Warren and was placed on a "Corrective Action Plan." *Id.* ¶ 16. Then, on September 16, 2010, Plaintiff was accused of sexual harassment and informed that "any further behavior of this nature [would] result in [Plaintiff's] termination." *id.* ¶ 20. On the same date, Plaintiff was placed on administrative leave purportedly "for violat[ing] [HDC's] Conflict of Interest [rules], Standards of

---

[1] Plaintiff does not explain why he is uncertain as to whether HDC was in fact his employer.

2

Case No.: 5: 11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

1    Conduct[,] and Information Security policies[,] and for continuing poor performance." *Id.* ¶ 21.

2    Plaintiff was notified that "this administrative leave was 'pending a final determination on Friday

3    9/24/10' and that [Plaintiff] had no internal appeal rights regarding this action." *Id.*

4          On September 21, 2010, Plaintiff received a letter from a law firm representing HACM

5    offering Plaintiff a settlement if Plaintiff would resign. *Id.* ¶ 23.  "This letter also denied Plaintiff's

6    request for a conference with the HACM [Board] and/or the HDC Board" or, alternatively, for a

7    hearing before an administrative law judge. *Id.*  Plaintiff rejected the settlement offer. *Id.*  Plaintiff

8    was terminated on October 4, 2010. *Id.* ¶ 24.

9          Plaintiff alleges that around the time of Plaintiff's termination proceedings, Plaintiff made

10   numerous efforts to bring the alleged legal violations to the attention of HACM, HDC, and law

11   enforcement.  Specifically, Plaintiff alleges that on September 27 and 28, 2010, Plaintiff raised his

12   concerns regarding the alleged illegal conduct in public sessions before the HACM Board, the

13   HDC Board, and the "CM Board of Supervisors…." *Id.* ¶ 17(A)-(C).  Plaintiff also alleges that, "in

14   or about September to November of 2010," Plaintiff filed several complaints over the internet with

15   HUD's Office of the Inspector General ("HUD Inspector General"). *Id.* ¶¶ 26; *see also id.* ¶ 17(D).

16   Additionally, Plaintiff alleges that "[o]n August 30, 2010, Plaintiff sent a letter[] to Anthony Zeto

17   of the California Tax Credit Allocation Committee regarding HACM's Oak Park Apartments and

18   Hacienda Development alleging that [Ms.] Warren forced Plaintiff to change one or more bids[,]

19   [and] violate[d] HUD bid procedures by having another employee send the proposed bid drawing

20   to fourteen subcontractors eight weeks prior to releasing the drawings for public bids as required

21   by HUD and California statutes…." *Id.* ¶ 17(E).

22         Plaintiff alleges that, on July 21, 2011, HUD issued an audit report (#2011-LA-1014")

23   finding that HACM violated HUD regulations. *Id.* ¶ 26.  Specifically, the report found that HACM

24   "did not administer the procurement and contracting of $99,900 in grant funds in accordance with

25   HUD laws and regulations… [and] did not follow HUD's or [HACM's] own procurement policies

26   and procedures when it procured grant-funded construction contracts." *Id.*

27         On July 28, 2011, Plaintiff made a Freedom of Information Act request to the HUD

28   Inspector General requesting copies of Plaintiff's online complaints. *Id.* ¶ 26.  The HUD Inspector

1  General refused Plaintiff's request, stating that "HUD OIG [was] still… engaged in an active and
2  open criminal investigation into matters concerning HACM and HDC." *Id.*

## II. PROCEDURAL BACKGROUND

Plaintiff and his wife, Brenda L. Stealy-Sears, appearing *pro se*, filed a Complaint on April 19, 2011 against HACM, HDC, Ms. Warren, and approximately two-dozen other Defendants. ECF No. 1. Plaintiff declined to proceed before a Magistrate Judge, and the case was assigned to Judge Jeremy Fogel. ECF Nos. 28 and 52. Eighteen Defendants moved to dismiss several of Plaintiff's claims in five separate motions to dismiss. *See* ECF No. 53, 56, 61, 64, 91. HACM, HDC, and Ms. Warren did not join in these motions. While the motions to dismiss were pending, Judge Fogel accepted a position with the Federal Judicial Center. As a result, the case was reassigned to Judge Saundra B. Armstrong. ECF No. 142. On February 3, 2012, Judge Armstrong granted all five motions to dismiss with partial leave to amend. ECF No. 158 ("First MTD Order").

On March 5, 2012, Plaintiff, now represented by counsel, filed a First Amended Complaint ("FAC") against HACM, HDC, Ms. Warren, the County of Monterey, and CSI HR Group, LLC. ECF No. 159. Plaintiff also filed a motion to change venue from Oakland, California, where Judge Armstrong is located, to San Jose, California. ECF No. 160. Four days after filing the FAC, on March 9, 2012, Plaintiff voluntarily dismissed Defendant County of Monterey. ECF No. 163. On April 11, 2012, Plaintiff filed his Second Amended Complaint asserting seven causes of action against Defendants HACM, HDC, and Ms. Warren. *See* SAC. CSI HR Group, LLC was no longer included as a Defendant. ECF No. 176. Judge Armstrong granted Plaintiff's motion to transfer on May 3, 2012, and the case was transferred to the undersigned Judge. ECF No. 180.

After the case was transferred, Plaintiff voluntarily dismissed, with prejudice, his first cause of action for violation of California Labor Code Section 1102.5 against HACM, as well as his fourth through seventh causes of action against all remaining Defendants. ECF No. 187. Plaintiff subsequently dismissed HACM altogether. ECF No. 203. Thus, Plaintiff's remaining claims include Plaintiff's: (1) first cause of action against HDC, which, as Defendants note, actually alleges two separate claims -- one for a violation of California Labor Code Section 1102.5 (SAC ¶ 31) and another for wrongful termination in violation of public policy based on the aforementioned

4

violation of Section 1102.5 (*id.* ¶ 32); (2) second cause of action against HDC alleging whistleblower retaliation in violation of the American Recovery and Reinvestment Act ("ARRA"), Pub. L. No. 115-5, 123 Stat. 115 (2009) (SAC ¶¶ 35-38); and (3) third cause of action against HDC for whistleblower retaliation in violation of the False Claims Act (*id.* ¶¶ 39-41).[2]

On August 31, 2012, HDC and Ms. Warren filed the instant Motion to Dismiss seeking to dismiss Plaintiff's first and second causes of action on the grounds that Plaintiff has not exhausted Plaintiff's administrative remedies as to these claims. *See* Motion at 2-5.[3]

### III.    LEGAL STANDARD

#### A.    Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983). However, under the "incorporation by reference" doctrine, the Court may also consider documents that are referenced extensively in the complaint or that form the basis of Plaintiff's

---

[2] The Court notes that Plaintiff's causes of action appear to be alleged against HDC only and not Ms. Warren. The Court will address this issue *infra* in Section IV(C).
[3] As set forth above, HACM initially joined Defendants' Motion to Dismiss (*see* ECF No. 191), but was subsequently dismissed as a party. *See* ECF No. 203.

5
Case No.: 5: 11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

claim and whose authenticity no party questions, without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *United States v. Ritchie,* 342 F.3d 903, 909 (9th Cir. 2003).

### B. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995)). Generally, leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir.2008).

### IV. DISCUSSION

In Defendants' Motion, Defendants seek to dismiss Plaintiff's: (1) first cause of action to the extent it alleges a violation of California Labor Code Section 1102.5, which prohibits an employer from retaliating against an employee for providing information of alleged illegal conduct to law enforcement agencies[4]; and (2) second cause of action alleging whistleblower retaliation in violation of ARRA. *See* Motion at 2-5. Defendants argue that Plaintiff was required to exhaust his administrative remedies as to these claims and that Plaintiff has not done so. *See id.* The Court considers each cause of action in turn.

---

[4] Defendants have not moved to dismiss Plaintiff's first cause of action to the extent it alleges a claim for wrongful termination in violation of public policy based on the violation of Section 1102.5. *See* Motion at 2 (noting that Plaintiff's first cause of action includes a claim for a violation of Section 1102.5 and a claim for termination in violation of public policy based on the violation of Section 1102.5, and moving to dismiss only the Section 1102.5 claim).

6

Case No.: 5: 11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

### A. Plaintiff's Section 1102.5 Claim

Defendants argue that Plaintiff's first cause of action for a violation of California Labor Code Section 1102.5 should be dismissed because Plaintiff has not alleged that Plaintiff filed a complaint with the Labor Commissioner under California Labor Code Section 98.7. *See* Motion at 3; Cal. Lab. Code § 98.7 (stating that "[a]ny person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation"). Accordingly, Defendant argues Plaintiff has not exhausted Plaintiff's administrative remedies. *See* Motion at 3; *Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012) (holding that Plaintiff was required to "exhaust[] her administrative remedy under section 98.7 before bringing her section 1102.5(c) claim").

Plaintiff argues that while, "he failed to specifically allege in his [SAC] that he filed a complaint with the Labor Commission[er] within six months of the violation," Plaintiff did in fact file such a complaint. *See* Opposition at 6. In support of this contention, Plaintiff has submitted a copy of Plaintiff's "Retaliation Complaint" before the Labor Commissioner. *See* Decalaration of Thomas Sears in Support of Plaintiff's Opposition to Defendant HDC's Motion to Dismiss and HACM's Joinder, ECF No. 97-1 ("Sears Decl."), Ex. C ("Exhibit C"). Plaintiff also argues that it can reasonably be inferred from Paragraph 26 of the SAC that Plaintiff filed this "Retaliation Complaint" with the Labor Commissioner. *See* Opposition at 6. The Court is not persuaded.

Plaintiff states in Paragraph 26 of the SAC that "Plaintiff has exhausted his administrative remedies as to his claims of retaliation… under California Labor Code Section 1102.5, the False Claims Act, the Stimulus Act, HUD laws and regulations and the Fair Housing Act…" SAC ¶ 26. However, Plaintiff's conclusory statement regarding his exhaustion of his administrative remedies with respect to his Section 1102.5 claim is not supported by any facts showing Plaintiff filed a complaint with the Labor Commissioner. Moreover, the Court cannot consider the "Retaliation Complaint" as it is not attached to the SAC or referenced therein and also does not form the basis of Plaintiff's claim. *See Ritchie,* 342 F.3d at 909 (holding that, on a motion to dismiss, a court may consider a document other than the complaint if the document is attached to the complaint, or "if

7

Case No.: 5: 11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

the plaintiff refers extensively to the document [in the complaint] or the document forms the basis of the plaintiff's claim"). Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's first cause of action.

Nevertheless, in light of the "Retaliation Complaint," it appears that Plaintiff may be able to allege facts showing that Plaintiff has exhausted Plaintiff's administrative remedies. The Court therefore grants Plaintiff leave to amend as to Plaintiff's first cause of action. *See Lopez,* 203 F.3d at 1127 (holding that leave to amend should be granted unless the Court "determines that the pleading could not possibly be cured by the allegation of other facts."). Defendants have conceded that leave to amend is appropriate as to this claim. *See* Reply at 2.

### B.     Plaintiff's ARRA Claim

Defendants also argue that Plaintiff's second cause of action for whistleblower retaliation under ARRA should be dismissed because Plaintiff has failed to allege facts showing Plaintiff exhausted Plaintiff's administrative remedies with respect to this claim. *See* Motion at 4. Defendants note that Judge Armstrong previously dismissed Plaintiff's ARRA claim without leave to amend as to several Defendants (who are no longer in the case) because Plaintiff "failed to allege facts demonstrating that [Plaintiff] exhausted [his] administrative remedies… [by] fil[ing] a complaint with the Inspector General." *Id.* (quoting First MTD Order at 10).

As explained in Judge Armstrong's Order, Section 1553(a) of the ARRA, prohibits non-federal employers who receive public funds from taking actions against an employee in "reprisal" for an employee's making disclosures protected by the Act. First MTD Order at 10. These disclosures include disclosures of:

> (1) gross mismanagement of an agency contract or grant relating to [ARRA] funds; (2) gross waste of [ARRA] funds; (3) a substantial and specific danger to public health or safety related to the implementation or use of [ARRA] funds; (4) an abuse of authority related to the implementation or use of [ARRA] funds; or (5) a violation of law, rule, or regulation to an agency contract (including the competition for or negotiation of a contract) or grant, awarded and issued relating to [ARRA] funds.

*Id.* (*quoting* ARRA § 1553(a)).

ARRA Section 1553(b)(1) provides that "[a] person who believes that the person has been subjected to a reprisal prohibited by subsection (a) may submit a complaint regarding the reprisal

8

Case No.: 5: 11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

to the appropriate inspector general." In this case, the parties appear to agree that the appropriate inspector general was the HUD Inspector General. With respect to exhaustion of administrative remedies, ARRA provides that "the complainant shall be deemed to have exhausted all administrative remedies" if the head of an agency: (1) "issues an order denying [the employee] relief in whole or in part…"; (2) "has not issued an order within 210 days after the submission of a complaint… or[,] in the case of an extension of time under subsection (b)(2)(B)(i), within 30 days after the expiration of the extension of time"; or (3) "decides… not to investigate or to discontinue an investigation" and "there is no showing that [the] delay [referenced in (2)] or decision [not to investigate referenced in (3)] is due to the bad faith of the complainant…." ARRA § 1553(c)(3). If the complainant has exhausted his administrative remedies, he is eligible to bring a civil action. *Id.*

Here Plaintiff alleges that, "[b]efore October 4, 2010, Plaintiff… filed [complaints] over the internet with the HUD Inspector General and other government agencies…." SAC ¶ 17(E). Plaintiff also states that "[i]n or about September to November 2010 Plaintiff filed several complaints over the internet with HUD's Office of Inspector General ('OIG') that contained information supporting [Plaintiff's] belief that [Ms.] Warren, HACM and/or HDC had engaged in illegal activities under HUD law or regulations and/or the Stimulus Act." *Id.* ¶ 26.[5]

Defendant argues that Plaintiff's allegations are insufficient because Plaintiff fails to allege that the complaints he submitted to the HUD Inspector General alleged that Plaintiff was "*retaliat[ed]*" against, as opposed to merely reporting Defendants' violations of applicable HUD laws and regulations. Motion at 4 (emphasis in original). The Court agrees. Plaintiff has not alleged that any of Plaintiff's complaints to the HUD Inspector General alleged that Plaintiff was terminated or otherwise retaliated against for raising concerns regarding HACM/HDC's practices,

---

[5] In support of Plaintiff's contention that Plaintiff has exhausted his administrative remedies, Plaintiff also refers the Court to several paragraphs of Plaintiff's declaration as well as to documents attached thereto. *See* Opposition at 7 (citing Sears Decl. ¶¶ 2, 4, 5, 6, 8, 15; *id.* Exs. B and D). The Court will not consider documents or materials outside of the Complaint on a motion to dismiss unless such documents are attached to the Complaint or referenced "extensively" therein, or unless such documents form the basis of Plaintiff's claim. *See Ritchie,* 342 F.3d at 909. Plaintiff's declaration does not satisfy any of these requirements. The referenced exhibits, a copy of an email from Plaintiff to James H. Luu, an agent for the HUD Inspector General (Exhibit A), and a letter from Plaintiff to HACM (Exhibit D), are not referenced extensively or even explicitly in the Complaint. Accordingly, the Court disregards the cited paragraphs of Plaintiff's declaration and Exhibits B and D for the purposes of determining whether Plaintiff has stated a claim.

9
Case No.: 5: 11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

as opposed to merely reporting that HACM/HDC was engaged in illegal practices.   Thus, the SAC fails to show that Plaintiff filed a complaint with the HUD Inspector General regarding the alleged retaliation, a requirement if Plaintiff is to show Plaintiff exhausted his administrative remedies with respect to his ARRA claim.   Accordingly, the Court dismisses Plaintiff's second cause of action.

The Court does not, however, agree with Defendants that Plaintiff's second cause of action should be dismissed with prejudice.   *See* Motion at 5.   The Court recognizes that Judge Armstrong previously dismissed this claim as to certain Defendants (which the Court notes did not include the instant Defendants) due in part to Plaintiff's failure to allege exhaustion of his administrative remedies.   *See* ECF No. 158 at 10-11.   However, the Court believes Plaintiff may be able to amend the SAC to allege facts showing Plaintiff filed a complaint alleging whistleblower retaliation with the HUD Inspector General and that the HUD Inspector General did not act on this claim within the requisite time frame.   Accordingly, the Court grants Plaintiff leave to amend as to Plaintiff's second cause of action.   *See Lopez,* 203 F.3d at 1127 (holding that leave to amend should be granted unless the Court "determines that the pleading could not possibly be cured by the allegation of other facts.").

### C. Claims Against Ms. Warren

While this issue was not raised by Defendants, the Court notes that none of Plaintiff's remaining three causes of action appear to allege a claim against Ms. Warren.   *See* SAC ¶ 30 ("First Cause of Action… Against HACM and/or HDC and Does 1-5 as Employers of Plaintiff"); *id.* ¶ 35 ("Second Cause of Action… Against HACM and/or HDC and Does 6-10 as Employers or Joint Employers of Plaintiff"); *id.* ¶ 35 ("Third Cause of Action… Against HACM and/or HDC and Does 11-15 as Employers or Joint Employers of Plaintiff").   In light of the fact that Ms. Warren has joined this Motion, Defendants appear to be on notice that Ms. Warren is a Defendant with respect to the first and second causes of action.   Nevertheless, if Plaintiff files an amended complaint to correct the deficiencies identified in this Order, Plaintiff should clearly identify Ms. Warren as a Defendant with respect to the first and second causes of action.

With respect to Plaintiff's third cause of action, there is no indication that Defendants are on notice that Ms. Warren is a Defendant with respect to this cause of action.   Accordingly, to the

extent Plaintiff contends that Ms. Warren should be identified as a Defendant in connection with Plaintiff's third cause of action, Plaintiff must stipulate with Defendants to add Ms. Warren as a Defendant or, if the parties are unable to stipulate, Plaintiff must file a motion seeking leave of Court to make the proposed amendment. If Plaintiff no longer wishes to include Ms. Warren as a Defendant in this matter, Plaintiff is ordered to file a notice of dismissal as to Ms. Warren within 7 days of this Order.

V.     **CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss with leave to amend. Plaintiff may file an amended complaint addressing the deficiencies identified herein, within 21 days of this Order.[6] Plaintiff may not add new claims or parties without seeking Defendants' consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15. If Plaintiff fails to file an amended complaint within 21 days of this Order or to cure the deficiencies addressed in this Order, these claims will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: January 23, 2013

_____
LUCY H. KOH
United States District Judge

---

[6] The Court did not set a deadline to amend the pleadings during the August 29, 2012 case management conference. *See* ECF No. 189. The deadline to amend the pleadings shall be 21 days from this Order as well.

11
Case No.: 5: 11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS