UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS M. SEARS,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY and HOUSING AUTHORITY OF THE COUNTY OF MONTEREY, as California Government Entity Employers, MONTEREY COUNTY HOUSING AUTHORITY DEVELOPMENT CORPORATION, as a California Non-Profit Entity Employer, CSI HR GROUP, LLC, as a For Profit Entity, STARLA K. WARREN, as an Individual and Employee or Agent of Entity Defendants, and DOES 1-50,<br><br>    Defendants. | Case No.: 5:11-CV-01876-LHK<br><br>ORDER GRANTING MOTION TO DISMISS |

Plaintiff Thomas M. Sears ("Plaintiff") brings this action for wrongful termination. Before the Court is Defendant Monterey County Housing Authority Development Corporation's ("HDC") Motion to Dismiss Second Cause of Action of Third Amended Complaint. *See* ECF No. 209. Having considered the parties' submissions and the relevant case law, the Court GRANTS the Motion to Dismiss Plaintiff's Second Cause of Action of Third Amended Complaint with prejudice.

1

Case No.: 5:11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

## I. FACTUAL ALLEGATIONS

In October of 2006, the Housing Authority of the County of Monterey ("HACM") hired Plaintiff as a Senior Construction Manager and Deputy Director of Development for HDC, which had not yet launched. *See* Third Am. Compl. ("TAC") ¶ 9, ECF No. 208. In or around July 2010, Plaintiff "officially 'transferred' to HDC, as the entity became independent of HACM." TAC ¶ 14. On October 4, 2010, HDC terminated Plaintiff's employment. TAC ¶¶ 4, 25. Throughout Plaintiff's employment with HACM and HDC, Starla Warren ("Warren"), was his manager. TAC ¶ 5.

Plaintiff alleges that, beginning in June of 2009, Warren, HACM, and/or HCD engaged in various violations of United States Department of Housing and Urban Development's ("HUD") laws and regulations. TAC ¶ 12. These violations included: (1) discriminating against residents or beneficiaries of federal HUD funds; (2) engaging in improper practices relating to the bidding process for certain HACM housing projects; and (3) creating false documents. *Id.* Plaintiff reported the aforementioned legal violations to Warren. *Id.*

On July 19, 2010, Plaintiff received a letter from Warren stating that Plaintiff would be terminated within five working days and was placed on administrative leave with "Preliminary Notice of Proposed Termination Action." TAC ¶ 15. On August 20, 2010, Alan Styles, Chair of the Board of Directors of HDC, notified Plaintiff that the proposed termination was rescinded and that Plaintiff was to return to work as Senior Construction Manager. TAC ¶ 16. Shortly after returning to work, on August 27, 2010, Warren gave Plaintiff a written reprimand and placed Plaintiff on a "Corrective Action Plan." TAC ¶ 17.

On August 30, 2010, Plaintiff sent a letter to the California Tax Credit Allocation Committee regarding HACM's violation of HUD bid procedures. TAC ¶ 13(a). "In September 2010," Plaintiff contacted HUD's Office of Inspector General ("OIG") and informed him of "bid-fixing on contracts up for bid and other illegal activities engaged in by HACM and HDC." TAC ¶ 13(b). During this conversation, Plaintiff complained that he was "being retaliated against by Starla Warren, President of HDC[,] and others for his whistleblowing complaints to supervisors and the Board of Commissioners." *Id.* Plaintiff also alleges that, "[b]efore October 4, 2010,

Plaintiff engaged in other whistleblower and/or legally protected acts alleging illegal conduct and retaliation by Warren, HACM, and/or HDC, including but not limited to complaints filed over the internet with the HUD Inspector General and other government agencies . . ." TAC ¶ 13(c).

On September 16, 2010, Plaintiff was accused of sexual harassment and informed that "any further behavior of this nature [would] result in Plaintiff's termination." TAC ¶ 19. On the same date, Plaintiff was placed on administrative leave purportedly "for violat[ing] [HDC's] Conflict of Interest [rules], Standards of Conduct[,] and Information Security policies[,] and for continuing poor performance." TAC ¶ 20. Plaintiff was notified that "this administrative leave was 'pending a final determination on Friday 9/24/10' and that Plaintiff had no internal appeal rights regarding this action." *Id.* On September 27 and 28, 2010, Plaintiff raised his concerns regarding the alleged illegal conduct in public sessions before the HACM Board and the HDC Board. TAC ¶¶ 23-24, Ex. A. HDC terminated Plaintiff's employment on October 4, 2010. TAC ¶ 25.

On October 14, 2010, Plaintiff sent his complaint in writing to OIG. The complaint included "information about the reprisal he had discussed with OIG over the phone, the script from his address to the Board of Commissioners which occurred after his initial call, and information about additional developments since their first conversation." TAC ¶ 27, Ex. C. Specifically, the email complaint stated that on "July 3, 2010, Plaintiff pointed out to his supervisor [Warren] the existence of violations in a bidding process for a project involving federal stimulus funds, and that as a result, on July 19, 2010, Plaintiff received a preliminary notice of termination to be effective July 23, 2010 (this was ultimately rescinded)." *Id*.

After Plaintiff's termination, HUD OIG investigators met with Plaintiff and "provided him with information regarding the investigation of his underlying complaints of improper use of funds by HCAM and HCD." TAC ¶ 28. However, Plaintiff alleges that he "never received any information about investigations into his complaints of retaliation or reprisal first made in September 2010." TAC ¶ 29. Plaintiff also "never received from HUD OIG an explanation of a decision not to conduct an investigation into his complaints of retaliation or reprisal." *Id*.

## II. PROCEDURAL BACKGROUND

Plaintiff and his wife, Brenda L. Stealy Sears, appearing *pro se*, filed a complaint on April 19, 2011 against HACM, HDC, Warren, and approximately two-dozen other defendants. ECF No. 1. The case was originally assigned to Judge Jeremy Fogel. *See* ECF No. 52. Eighteen defendants moved to dismiss several of Plaintiff's claims in five separate motions to dismiss. *See* ECF Nos. 53, 56, 61, 64, 91. HACM, HDC, and Warren did not join in these motions. While the motions to dismiss were pending, Judge Fogel accepted a position with the Federal Judicial Center. As a result, the case was reassigned to Judge Saundra B. Armstrong. *See* ECF No. 142.

On February 3, 2012, Judge Armstrong granted all five motions to dismiss with partial leave to amend. *See* ECF No. 158. ("First MTD Order"). In that order, with respect to the ARRA claim, Judge Armstrong found that Plaintiff and his wife "failed to allege facts demonstrating that they exhausted their administrative remedies." First MTD Order at 10. Specifically, "[p]laintiffs have not alleged that they filed a complaint with the Inspector General prior to filing this lawsuit or that the Inspector General issued a written determination regarding his claim within 180 days." First MTD Order at 11.

On March 5, 2012, Plaintiff,[1] now represented by counsel, filed a First Amended Complaint ("FAC") against HACM, HDC, Warren, the County of Monterey, and CSI HR Group, LLC. *See* ECF No. 159. Plaintiff also filed a motion to change venue from Oakland, California, where Judge Armstrong is located, to San Jose, California. *See* ECF No. 160. Four days after filing the FAC, on March 9, 2012, Plaintiff voluntarily dismissed defendant County of Monterey. *See* ECF No. 163.

On April 11, 2012, Plaintiff filed his Second Amended Complaint ("SAC") asserting seven causes of action against defendants HACM, HDC, and Warren. *See* SAC, ECF No. 176. CSI HR Group, LLC was no longer included as a defendant. *See id*. Judge Armstrong granted Plaintiff's motion to transfer on May 3, 2012, and the case was transferred to the undersigned Judge. *See* ECF No. 181.

---

[1] Plaintiff's wife is no longer a party to the case. *See* ECF No. 159.

4

Case No.: 5:11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

After the case was transferred, Plaintiff voluntarily dismissed, with prejudice, his first cause of action for violation of California Labor Code Section 1102.5 against HACM, as well as his fourth through seventh causes of action against all remaining defendants. *See* ECF No. 187. Plaintiff subsequently dismissed HACM altogether. *See* ECF No. 203.

On August 31, 2012, HDC and Warren filed a motion to dismiss seeking to dismiss Plaintiff's (1) first cause of action to the extent it alleges a violation of California Labor Code Section 1102.5, which prohibits an employer from retaliating against an employee for providing information of alleged illegal conduct to law enforcement agencies; and (2) second cause of action alleging whistleblower retaliation in violation of ARRA. *See* ECF No. 190.

On January 23, 2013, the Court granted HDC and Warren's motion to dismiss with leave to amend because Plaintiff failed to exhaust his administrative remedies. *See* ECF No. 207. ("Second MTD Order"). The Court noted that Plaintiff filed complaints over the internet with the HUD OIG alleging violations by HACM, HDC, and Warren "[b]efore October 4, 2010" and "in or about September to November 2010." Second MTD Order at 9 (quoting SAC ¶¶ 17(E), 26). The Court, however, dismissed the ARRA claim because the SAC "fail[ed] to show that Plaintiff filed a complaint with the HUD Inspector General regarding the alleged retaliation, a requirement if Plaintiff is to show Plaintiff exhausted his administrative remedies." Second MTD Order at 10. However, the Court granted Plaintiff leave to amend as to the ARRA claim. *Id*. The Court noted that "Plaintiff may be able to amend the SAC to allege facts showing Plaintiff filed a complaint alleging whistleblower retaliation with the HUD Inspector General and that the HUD Inspector General did not act on this claim within the requisite time frame." *Id*. The Court also advised Plaintiff that if he failed to "cure the deficiencies" addressed in the Second MTD Order, his ARRA claim will be "dismissed with prejudice." *Id*. at 11.

On February 11, 2013, Plaintiff filed a Third Amended Complaint ("TAC") against HDC and Warren. *See* ECF No. 208. Plaintiff alleges the following causes of action: (1) violation of California Labor Code Section 1102.5 and for wrongful termination in violation of public policy based on the aforementioned violation of Section 1102.5 (against HDC), *see* TAC ¶ 39-40; (2) whistleblower retaliation in violation of the American Recovery and Reinvestment Act ("ARRA"),

5

Pub. L. No. 115-5, 123 Stat. 115 (2009), Federal Stimulus Act Whistleblower retaliation (against HDC and Warren), *see* TAC ¶¶ 47-55; and (3) whistleblower retaliation in violation of the False Claims Act (against HDC), *see* TAC ¶¶ 56-63.

On February 22, 2013, HDC and Warren moved to dismiss the second cause of action—whistleblower retaliation in violation of ARRA—on the grounds that Plaintiff failed to exhaust his administrative remedies as to this claim. *See* ECF No. 209-1 ("Motion"). Plaintiff filed his opposition on March 8, 2013. *See* ECF No. 210. HDC and Warren then filed their reply on March 12, 2013. *See* ECF No. 212. The parties subsequently stipulated to dismiss Warren from the case on April 9, 2013. *See* ECF No. 220.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

#### B. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When

6

1  dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend

2  even if no request to amend the pleading was made, unless it determines that the pleading could not

3  possibly be cured by the allegation of other facts.'" *Id*. at 1130 (quoting *Doe v. United States*, 58

4  F.3d 494, 497 (9th Cir.1995)). Generally, leave to amend shall be denied only if allowing

5  amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

6  moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

7  (9th Cir. 2008).

## IV.  REQUEST FOR JUDICIAL NOTICE

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). In particular, a court may take judicial notice of information posted on government websites. *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670, 2008 U.S. Dist. LEXIS 69542 at *17-18 (N.D. Cal. Sept. 9, 2008) (taking judicial notice of information appearing on Secretary of State's Internet website).

Here, HDC requests the Court to take judicial notice of specific pages from the website recovery.gov, a United States Government website "created under the [American Recovery and Reinvestment Act]." *See* ECF No. 209-2, Exs. A-C; ECF No. 212-1. However, Plaintiff objects to the request by disputing the authenticity of the website and claiming that there is no indication that the documents were posted by a federal agency. *See* ECF No. 2011 ("Objection to RJN"). The Court overrules this objection. The Court finds that the accuracy of the pages cannot be reasonably questioned because the pages clearly show that they come from a government website. Each page heading states the following: "Recovery.gov is the U.S. government's official website that provides easy access to data related to Recovery Act spending and allows for the reporting of potential fraud, waste, and abuse." *See* ECF No. 209-2, Exs. A-C; ECF No. 212-1.

7

Case No.: 5:11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

Plaintiff further objects to the request by disputing the relevance of these specific pages. Particularly, Plaintiff argues that HDC is "using pages dated February 2013, to interpret Section 1553 of the ARRA and to establish that Plaintiff was required to use the sample complaint form to file his ARRA retaliation complaint [in 2010]." Objection to RJN at 4.  The Court finds these website pages relevant, albeit of limited relevance, and thus GRANTS HDC's Request for Judicial Notice.

## V.   DISCUSSION

In HDC's motion to dismiss, HDC seeks to dismiss Plaintiff's second cause of action alleging whistleblower retaliation in violation of ARRA. *See* Mot. at 1-6.  HDC argues that Plaintiff was required to exhaust his administrative remedies as to these claims and that Plaintiff has not done so. *See id.*

ARRA Section 1553(b)(1) provides that "[a] person who believes that the person has been subjected to a reprisal prohibited by subsection (a) may submit a complaint regarding the reprisal to the appropriate inspector general."  In this case, the parties appear to agree that the appropriate inspector general was the HUD Inspector General.  With respect to exhaustion of administrative remedies, ARRA provides that "the complainant shall be deemed to have exhausted all administrative remedies" if the head of an agency: (1) "issues an order denying [the employee] relief in whole or in part…"; (2) "has not issued an order within 210 days after the submission of a complaint… or[,] in the case of an extension of time under subsection (b)(2)(B)(i), within 30 days after the expiration of the extension of time"; or (3) "decides… not to investigate or to discontinue an investigation" and "there is no showing that [the] delay [referenced in (2)] or decision [not to investigate referenced in (3)] is due to the bad faith of the complainant…."  ARRA § 1553(c)(3).  If the complainant has exhausted his administrative remedies, he is eligible to bring a civil action. *Id.*

The Court previously dismissed Plaintiff's ARRA claim for failure to exhaust because Plaintiff's Second Amended Complaint "fail[ed] to show that Plaintiff filed a complaint with the HUD Inspector General regarding the alleged retaliation[.]"  Second MTD Order at 10.  The Court, however, stated that Plaintiff "may be able to amend the SAC to allege facts showing Plaintiff filed

8

Case No.: 5:11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

a complaint alleging whistleblower retaliation with the HUD Inspector General and that the HUD Inspector General did not act on this claim within the requisite time frame." *Id.*

HDC argues that Plaintiff's allegations in its Third Amended Complaint are still insufficient because Plaintiff's allegations "do not adequately comply with this Court's Order requiring Plaintiff to 'file a complaint alleging whistleblower retaliation with the HUD Inspector General and that the HUD Inspector General did not act on the claim within the requisite timeframe.'" Mot. at 4 (quoting Second MTD Order at 10). The Court discusses each requirement in turn.

### A.   Filing of Complaint Alleging Whistleblower Retaliation with HUD OIG

HDC argues that the procedure for filing ARRA complaints is via the website, Recovery.gov. Mot. at 4. The website has a specific page with a complaint form to be used for filing whistleblower and retaliation complaints. *Id*. Therefore, HDC argues that Plaintiff's emails to the OIG agent do not constitute a filing of a complaint under ARRA and that "[a]t most, they constitute informal communications with an OIG agent." Mot. at 5. Such communications, HDC argues, do not constitute the filing of an administrative complaint. *Id*. The Court agrees. Courts have found that informal complaints with an agency do not amount to a filing of an administrative complaint. *See, e.g., Sommatino v. United States*, 255 F.3d 704, 709-710 (9th Cir. 2001) (concluding that plaintiff's verbal complaints to the EEO counselor and e-mails did not comply with the administrative claim requirements under Title VII); *McCulough v. Federal Bureau of Prisons*, Case No. 1:06-cv-00563-OWW-GBC (PC), 2011 WL 3568800, at *3 (E.D. Cal. August 12, 2011) (finding that plaintiff's communications with the warden and other prison officials did not excuse plaintiff's failure to submit the appeal); *De Shazo v. Hieng*, Case No. 1:07-cv-01258-OWW-MJS (PC), 2011 WL 570263, at *4 (E.D. Cal. February 15, 2011) (finding that letters to Internal Affairs and warden were insufficient to show exhaustion).

In response to HDC's motion, Plaintiff does not address the informal complaints issue. Instead, Plaintiff cites to Paragraphs 13, 13(b), 13(c), and 27 of the TAC to establish his "complaints to HUD OIG of illegal activities and retaliation for whistleblowing." Opp'n at 5. However, the allegations in Paragraphs 13, 13(b) and 27 of the TAC do not allege the filing of a formal complaint.

9
Case No.: 5:11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

First, the allegations in Paragraph 13 are too vague to determine whether Plaintiff filed the requisite complaint with the OIG. The allegations state: "Between July 19, 2010 and October 4, 2010, Plaintiff engaged in the following whistleblower activities with government agencies notifying these agencies of illegal activities of HACM, HDC, and/or Warren . . . and of retaliation and/or reprisal against him for his protected activities." TAC ¶ 13. Nowhere in that paragraph does Plaintiff allege that he filed a complaint with the OIG.

Second, Paragraph 13(b) relates to a phone conversation with HUD's Office of Inspector General "in September 2010" where Plaintiff "complained that he was being retaliated against by [Warren] . . . and others for his whistleblowing complaints to supervisors and the Board[.]" TAC ¶ 13(b). As set forth above, phone conversations complaining about violations and retaliations do not constitute the filing of an administrative complaint. *See Sommatino*, 255 F.3d at 709-710.

Finally, Paragraph 27 relates to the subsequent email "[on] October 4, 2010" which "included information about the reprisal [Plaintiff] had discussed with OIG over the phone . . . and additional information" since that conversation. TAC ¶ 27. As discussed above, an email does not qualify as a formal complaint. *See Sommatino*, 255 F.3d at 709-710.

With respect to Paragraph 13(c), however, the Court finds that Plaintiff has sufficiently alleged that he filed with the OIG a formal complaint alleging retaliation. Plaintiff alleges that, "before October 4, 2010," he filed complaints "over the internet with the HUD Inspector General and other government agencies" alleging "illegal conduct and retaliation by Warren, HACM, and/or HDC." TAC ¶ 13(c).

Accordingly, the Court finds that Plaintiff has filed a complaint alleging whistleblower retaliation with HUD OIG "before October 4, 2010."

**B.      HUD OIG's Failure to Act Within Requisite Time Frame**

HDC argues that if Plaintiff indeed filed a complaint, then "it would have triggered an investigation and reporting" as provided under the statute. Mot. at 6. HDC points out that Plaintiff has not alleged that he received an explanation of a decision not to conduct or continue an investigation from the OIG as required under ARRA 1553(b)(3)(B). *Id*. HDC also points out that Plaintiff has not alleged or provided any evidence that the OIG sent Plaintiff a report of its

10

Case No.: 5:11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

investigative findings. *Id*. Thus, HDC argues that Plaintiff did not file a complaint after all and did not exhaust his administrative remedies. *Id*.

Under the ARRA, Plaintiff is also deemed to have exhausted all administrative remedies if the head of an agency "has not issued an order within 210 days after the submission of a complaint…" ARRA § 1553(c). Here, Plaintiff filed this action on April 19, 2011. Thus, to meet the requisite 210 days under ARRA ¶ 1553(c)(3), Plaintiff must allege that he filed a complaint with OIG before September 21, 2010. That is because the number of days from September 21, 2010 to April 19, 2011 is 210 days.

As set forth above, the Court finds that Plaintiff filed his administrative complaint "before October 4, 2010." *See supra*, Part V.A. However, Plaintiff not only fails to specify in his Third Amended Complaint that he filed the complaint with the OIG before September 21, 2010, but Plaintiff also fails to specify precisely when he filed the complaint with the OIG. Even Plaintiff's opposition fails to identify the specific date Plaintiff filed the complaint. In his opposition, Plaintiff cites to paragraphs 29 and 32 to establish that the HUD Inspector General did not act on Plaintiff's claim within 210 days. Opp'n at 6. Paragraph 29 alleges that "Plaintiff never received any information about investigations into complaints of retaliation or reprisal first made *in September 2010*."[2] *See* TAC ¶ 29 (emphasis added). If Plaintiff is referring to his phone conversation with HUD's Office of Inspector General "in September 2010," TAC ¶ 13(b), this phone conversation does not constitute an administrative complaint. *See supra*, Part V.A. In addition, Paragraph 29 further alleges that "Plaintiff never received from HUD OIG an explanation of a decision not to conduct an investigation into his complaints of retaliation or reprisal." Similarly, Paragraph 32 only alleges that: "[o]n April 19, 2011, more than 180 days since Plaintiff first complained to HUD OIG about reprisal for whistleblower complaints . . ." TAC ¶ 32. These allegations, however, do not specify when Plaintiff filed the complaint with the OIG—let alone that

---

[2] Plaintiff's allegations regarding when he filed his first retaliation complaint are inconsistent. For example, Plaintiff asserts that April 19, 2011, is "exactly nine months or 304 days since his first complaint to HUD OIG of whistleblower retaliation." Opp'n at 6. This claim that Plaintiff filed his retaliation complaint nine months before April 19, 2011—which would be July 2010— contradicts Plaintiff's statement that he filed his first retaliation complaint in September 2010.

11
Case No.: 5:11-CV-01876-LHK
ORDER GRANTING MOTION TO DISMISS

1  he filed the complaint with the OIG before September 21, 2010. Accordingly, Plaintiff has not
2  sufficiently alleged that the HUD Inspector General did not act on the claim within the requisite
3  210-day timeframe and thus Plaintiff failed to exhaust his administrative remedies.

4  The Court agrees with HDC that the Plaintiff's ARRA claim should be dismissed without
5  leave to amend. Mot. at 6. Plaintiff has filed four complaints in this case and has been given many
6  opportunities by Judge Armstrong and this Court to allege that he filed the complaint with the OIG
7  before September 21, 2010. Each time, Plaintiff has failed to do so. In the first motion to dismiss,
8  Judge Armstrong dismissed Plaintiff's ARRA claim for failure to allege exhaustion of his
9  administrative remedies. First MTD Order at 10. Specifically, Plaintiff failed to allege that he
10 filed a complaint with the OIG prior to filing this lawsuit or that the OIG issued a written
11 determination regarding his claim. First MTD Order at 11. In the second motion to dismiss, this
12 Court also dismissed Plaintiff's ARRA claim for failure to allege exhaustion because Plaintiff
13 failed to show that Plaintiff filed a complaint alleging retaliation and thus failed to show that he
14 exhausted his administrative remedies. Second MTD Order at 8-10. In that order, the Court
15 specifically identified what Plaintiff must allege to cure the deficiencies in the Second Amended
16 Complaint. *Id*. at 10 ("Plaintiff may be able to amend the SAC to allege facts showing Plaintiff
17 filed a complaint alleging whistleblower retaliation with the HUD Inspector General and that the
18 HUD Inspector General did not act on this claim within the requisite time frame."). The Court also
19 advised Plaintiff that failure to cure these deficiencies would result in the dismissal of Plaintiff's
20 ARRA claim with prejudice. *Id*. at 11. Now, in the third motion to dismiss, Plaintiff failed to
21 allege yet again exhaustion of administrative remedies. Plaintiff simply does not allege that he
22 filed the complaint with the OIG before September 21, 2010—after numerous opportunities to do
23 so—because he cannot allege it. Thus, amending the complaint is futile. *See Leadsinger*, 512 F.3d
24 at 532. Accordingly, Plaintiff's ARRA claim is dismissed with prejudice.

25 **VI.   CONCLUSION**

26 For the reasons set forth above, the Court GRANTS HDC's Motion to Dismiss Second
27 Cause of Action of Third Amended Complaint with prejudice.
28

1    **IT IS SO ORDERED.**

3    Dated: August 22, 2013

_____
LUCY H. KOH
United States District Judge